GEORGE A. BLOODGOOD, Appellant, v. MARY E. LYNCH et al., Respondents.— Appeal by plaintiff from a judgment of the Supreme Court entered in the Albany County clerk's office May 20, 1943, dismissing the complaint upon the verdict of a jury of no cause of action. The action is for damages arising out of a collision between an automobile of plaintiff and one owned by the defendant Henrietta Lynch and operated by the defendant Mary Ellen Lynch. There was a sharp issue of fact which was resolved by the jury in the defendants' favor and we cannot say that the verdict was against the weight of the evidence. Certain questions are raised as to rulings on evidence. On cross-examination a State trooper named Mortak was asked by plaintiff's counsel for a statement made by the driver Mary Ellen Lynch to him when he interviewed her in a hospital after the accident. Objection was made in behalf of both defendants that such conversation was incompetent and obtained in violation of section 270-b of the Penal Law, which objection was sustained. Clearly the State trooper violated section 270-b of the Penal Law and was guilty of a misdemeanor when he entered the hospital to obtain the statement. Nevertheless, that did not affect its admissibility. (*People* v. *Defore*, 242 N. Y. 13; *People* v. *McDonald*, 177 App. Div. 806; *Matter of Davis*, 252 App. Div. 591; 8 Wigmore on Evidence [3d ed.] § 2183.) However, it was admissible against the driver only and not against both defendants. Hence the objection of incompetency made in behalf of both defendants was valid. The trial court erroneously

refused to direct plaintiff's attorney to produce a certain photograph of defendants' car, then in court in plaintiff's possession. This error was later rendered harmless when another photograph in evidence was shown to be similar to the one counsel had erroneously refused to produce. Judgment affirmed, with costs. All concur. [See *post*, p. 853.]